UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID RAUSCH et al.,<br><br>    Defendants. | Case No. 3:25-cv-01091<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

**ORDER**

Plaintiff John Doe brings this action under 42 U.S.C. § 1983 against Defendants Tennessee Bureau of Investigation Director David Rausch and Tennessee Attorney General Jonathan Skrmetti, alleging that the defendants violated Doe's constitutional rights by retroactively requiring him to comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 (SORA), Tenn Code Ann. §§ 40-39-201–40-39-218. (Doc. No. 1.) Doe has filed a motion for leave to proceed under a pseudonym. (Doc. No. 16.) Rausch and Skrmetti do not oppose Doe's motion. (Doc. No. 19.)

Federal Rule of Civil Procedure 10(a) generally requires that "a complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)). Naming all parties to litigation "'is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings.'" *Doe v. Lee*, Case No. 3:22-cv-00569, 2023 WL 2587790, at *2 (M.D. Tenn. Mar. 21, 2023) (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)); *see also Shange Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (recognizing "a 'strong presumption in favor of openness' as to court records" (quoting *Brown & Williamson Tobacco*

*Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983))). "'Identifying the parties to the proceeding is an important dimension of publicness'" because "'[t]he people have a right to know who is using their courts.'" *Lee*, 2023 WL 2587790, at *2 (quoting *Ericksen v. United States*, CASE NO. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017)).

Courts may, however, "excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 360. In *Porter*, the Sixth Circuit directed courts considering motions to use pseudonyms to weigh several factors, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (quoting *Stegall*, 653 F.2d at 185). "[A] plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one *Porter* factor is dispositive in the outcome of such a decision." *Doe #11 v. Lee*, NO. 3:22-cv-00338, 2023 WL 1929996, at *3 (M.D. Tenn. Feb. 10, 2023). "Courts may also consider other factors, such as whether the plaintiff would risk harm if identified and whether allowing the plaintiff to proceed anonymously would prejudice any other parties by forcing them 'to proceed with insufficient information to present their arguments . . . .'" *Lee*, 2023 WL 2587790, at *2 (alteration in original) (quoting *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)). Ultimately, the decision of whether to grant leave to proceed under a pseudonym lies within the discretion of the court. *Porter*, 370 F.3d at 560.

Doe argues that the first two *Porter* factors weigh in favor of allowing him to use a pseudonym in this case. (Doc. No. 17.) He therefore concedes that the third and fourth factors weigh against granting his motion because revealing his identity would not compel him to disclose

2

an intention to violate the law and Doe is not a minor. *See Porter*, 370 F.3d at 360; *Lee*, 2023 WL 2587790, at *3.

"[T]he first *Porter* factor weighs in Doe's favor because Doe challenges the government's enforcement of SORA." *Lee*, 2023 WL 2587790, at *3. However, this Court has found that "'only in "a very few cases challenging governmental activity can anonymity be justified[,]"' and plaintiffs challenging governmental activity are regularly required to proceed under their own names." *Id.* (first quoting *Ericksen*, 2017 WL 264499, at *2; and then citing Order at 3, *Doe #11 v. Lee*, Case No. 3:22-cv-00338 (M.D. Tenn. June 23, 2022), ECF No. 42, *mot. rev. denied*, 2023 WL 1929996 (M.D. Tenn. Feb. 10, 2023)).

Doe argues that the second factor weighs in favor of allowing him to use a pseudonym because "a public lawsuit will force [him] to divulge information of the utmost intimacy." (Doc. No. 17, PageID#111.) Specifically, Doe argues that he "is likely to prevail in his claim" in this action and be removed from the SORA registry, but "a federal court case under [his] true name will live on in 'Google' forever, such that . . . the cat will forever be out of the proverbial bag, subjecting both [Doe] and his family to shame and humiliation in perpetuity." (*Id.* at PageID# 109–110, 111.) As in other cases challenging SORA's enforcement, "[b]ringing this case in his own name will require Doe to reveal that he has been convicted of offenses that implicate SORA." *Lee*, 2023 WL 2587790, at *3. This Court has explained that "[r]evealing the fact of a prior conviction may weigh in favor of anonymity when, for example, the conviction has been expunged." *Id.* (citing *Doe I–VIII v. Sturdivant*, Civ. Case No. 06-10214, 2006 WL 8432896, at *2 (E.D. Mich. Apr. 7, 2006)). But Doe has not argued that his underlying conviction from 1988 has been or will be expunged. His conviction is thus a matter of public record and has "been included in Tennessee's sex offender registry since SORA was enacted." *Id.* (first citing *Doe v. Lee*, 599 F.

Supp. 3d 701, 704 (M.D. Tenn. 2022); and then citing Order at 5, *Doe #11 v. Lee*, Case No. 3:22-cv-00338 (M.D. Tenn. June 23, 2022), ECF No. 42). Even if Doe succeeds in this action and his name is removed from the SORA registry, his underlying conviction will remain a matter of public record.

Doe further argues that, if he is identified in this lawsuit, he and his family will be subject "to shame and humiliation in perpetuity." (Doc. No. 17, PageID# 110.) "Generally, courts have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym." *Lee*, 2023 WL 2587790, at *5 (quoting *FedEx Ground Package Sys., Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286, at *7 (M.D. Tenn. Oct. 29, 2021)). Doe has not presented any specific argument or evidence to justify departing from the general rule in this case.

The final factor to consider is whether Rausch and Skrmetti would be prejudiced by Doe proceeding under a pseudonym. "Courts addressing prejudice 'have examined "difficulties in conducting discovery," the "reputational damage to defendants," and the "fundamental fairness of proceeding anonymously," among other considerations.'" *Id.* (quoting *Ramsbottom v. Ashton*, Case No. 3:21-cv-00272, 2021 WL 2651188, at *5 (M.D. Tenn. June 28, 2021)). Rausch and Skrmetti have not argued that they would be prejudiced if Doe proceeded anonymously, and the Court finds no basis for that argument.

Considering all the relevant factors, the Court finds that Doe has not established the existence of special circumstances that warrant overriding the presumption of openness in judicial proceedings to allow him to proceed pseudonymously. *See id.* (quoting *FedEx Ground Package Sys., Inc.*, 2021 WL 5041286, at *9). One of the *Porter* factors, that Doe is suing the government, weighs in Doe's favor, as does the fact that Rausch and Skrmetti do not argue that they would be

prejudiced by Doe's anonymity. "But a plaintiff's privacy interests must 'substantially outweigh the presumption of open judicial proceedings' to justify allowing a plaintiff to proceed under a pseudonym." *Id.* (quoting *Porter*, 370 F.3d at 560). Doe's generalized arguments regarding shame and humiliation do not meet that standard, particularly in light of the fact that Doe's identity and the nature of his conviction have been public for more than three decades. *See id.* Proceeding pseudonymously is therefore not warranted in this case.

Accordingly, Doe's motion for leave to proceed under a pseudonym (Doc. No. 16) is DENIED. Within fourteen days from the date of this Order, Doe is ORDERED to file an amended complaint identifying himself by his legal name.

The Clerk of Court is DIRECTED to update the case caption at that time.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge